IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUTHER BARNETT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF OKLAHOMA, ) <br> FEDERAL BUREAU OF PRISONS, and ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondents. ) | Case No. CIV-20-00757-JD |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation [Doc. No. 8] recommending that Petitioner Luther Barnett's ("Mr. Barnett") petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed without prejudice based on a lack of jurisdiction. The Report and Recommendation also recommends that the Court decline to transfer the case to the United States Court of Appeals for the Tenth Circuit. [Doc. No. 8 at 9–12]. Mr. Barnett filed an objection to the Report and Recommendation. [Doc. No. 9]. Because an objection is being considered, the Court reviews the Report and Recommendation de novo. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having done so, the Court determines that it lacks jurisdiction and that transfer of the case is not in the interest of justice.

I.      **Background**

In March 1989, a jury in Oklahoma County state court convicted Mr. Barnett of assault and battery with intent to kill after two former felony convictions. Mr. Barnett raised a series of challenges to his trial and sentence, including 28 U.S.C. § 2254 habeas petitions in *Barnett v. Hargett*, No. CIV-97-1072 and *Barnett v. Whetsel*, No. CIV-99-1602, which are discussed in the Report and Recommendation at 2–5.

Mr. Barnett's first habeas petition raised claims of ineffective assistance of counsel. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). He contended that appellate counsel was ineffective for failing to file a petition for rehearing in his direct appeal, which he argued he had proper grounds for based on the lack of a record order memorializing his competency hearing. *Id.* He also contended that he was denied the right to counsel when his appellate indigent defender resigned during the pendency of his appeal and no counsel was available to represent him during the appellate process and to file a petition for rehearing. *Id.* In that case, the district court granted a conditional writ of habeas corpus, which the Tenth Circuit affirmed. *Id.* at 1131, 1136.

In *Barnett v. Whetsel*, Mr. Barnett's petition raised claims over the Tenth Circuit's mandate in *Barnett v. Hargett*, equal protection under the Fourteenth Amendment, inhumane living conditions under the Eighth Amendment, and ineffective assistance of counsel. *See* No. CIV-99-1602, Doc. No. 6 at 4–12. That petition was not construed as a second or successive § 2254 application because the court concluded it challenged parts of the judgment that arose as a result of the mandate in *Barnett v. Hargett* that resulted from Mr. Barnett's first habeas petition. *Id.* at 5 n.2. That petition was dismissed without

2

prejudice. *Barnett v. Whetsel*, No. CIV-99-1602, at Doc. No. 7, *report and recommendation adopted*, Doc. No. 6.

In the present § 2254 habeas petition, Mr. Barnett claims (1) the state court lacked jurisdiction under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and the Major Crimes Act, 18 U.S.C. § 1153; (2) ineffective assistance of counsel; and (3) a violation of double jeopardy. [*See* Doc. No. 1 at 5–8].[1] Consistent with 28 U.S.C. § 636, this Court referred the petition to Judge Erwin. [Doc. No. 4].

The Report and Recommendation recommends dismissing the petition because it is an unauthorized successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Report and Recommendation also finds that it would not be in the interest of justice to transfer the case to the court of appeals.

Mr. Barnett contends that *McGirt* and the Major Crimes Act establish that Oklahoma County lacked jurisdiction over him, and that the state court, police

---

[1] Mr. Barnett has also joined with other inmates at Joseph Harp Correctional Center in several lawsuits alleging that the state courts that convicted them lacked jurisdiction in Indian Country. Each suit resulted in a dismissal for various reasons. *See Morgan, et al. v. U.S.*, No. CIV-18-805 (failure to pay filing fees, failure to seek leave to proceed in forma pauperis, and failure to follow Court orders to cure deficiencies); *Draper, et al. v. U.S.*, No. CIV-18-1065 (voluntarily dismissed after ordered to pay filing fees); *Morgan, et al. v. U.S.*, No. CIV-19-22 (same, and requesting dismissal after transfer to Oklahoma from another jurisdiction); *Draper, et al. v. U.S.*, No. CIV-19-128 (same). Because the Court has analyzed Mr. Barnett's individual habeas proceedings, it does not analyze whether the *Morgan* and *Draper* proceedings would also result in the present lawsuit being considered successive.

department, county jail, and state prosecutors had a duty to determine the status of his Indian citizenship (if he is indeed Native American, which is not alleged in the petition) and to prove that the state court had jurisdiction. [*See* Doc. No. 1; Doc. No. 9 at 1–3]. He objects to the Report and Recommendation because he argues that jurisdiction can never be waived and may be raised at any time. [Doc. No. 9 at 2]. However, he does not contest that he previously filed a § 2254 petition or object to the detailed background and procedural history in the Report and Recommendation.

**II.    Discussion**

For second or successive petitions for writ of habeas corpus under 28 U.S.C. § 2254, Congress requires:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)–(2). In addition, 28 U.S.C. § 2244(b)(3)(A) requires Mr. Barnett to obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

After de novo review, the Court agrees with the findings and conclusions of the Report and Recommendation that Mr. Barnett's current petition is a successive petition. [*See* Doc. No. 8 at 6 ("Because the Petition in the instant case challenges the same conviction that was challenged and decided on the merits in Case No. CIV-97-1072, Petitioner would have to seek authorization in the Tenth Circuit Court of Appeals before proceeding now.")].

As described above, Mr. Barnett challenged his conviction in his prior habeas petitions. Mr. Barnett also asserted an ineffective assistance of counsel claim in his prior habeas petitions. *See, e.g.*, *Barnett*, 174 F.3d at 1132 (discussing ineffective assistance of counsel claim contained in federal petition); *Barnett v. Whetsel*, No. CIV-99-1602, at Doc. No. 7, *report and recommendation adopted*, Doc. No. 6 at 12 (discussing conclusory assertion of ineffective assistance of counsel).

None of the narrow exceptions applies that would excuse these claims from the otherwise mandatory rule requiring dismissal of a claim in a successive petition. Mr. Barnett has not alleged (1) a new rule of constitutional law that has retroactive application to him by the Supreme Court and was previously unavailable, or (2) that the factual predicate for his claims could not have been discovered previously through the

5

exercise of due diligence, and that the facts underlying the claim would be sufficient to establish by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Mr. Barnett has not shown that the constitutional or factual bases for his double-jeopardy claim, or his jurisdictional claims under *McGirt* or the Major Crimes Act, did not exist in his prior habeas petitions or could not have been discovered previously through the exercise of due diligence. This finding and conclusion is consistent with cases from the Tenth Circuit and this district. *See, e.g.*, *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015) (noting the narrow exception to the bar on successive habeas proceedings: "where factual basis for a claim does not yet exist—not where it has simply not yet been discovered" at the time of the first proceeding); *Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018) (unpublished) ("Nothing prevented Dopp from asserting in his first § 2254 application a claim that the Oklahoma state court lacked jurisdiction because the crime he committed occurred in Indian Country."). *See also Tripp v. Whitten*, No. CIV-20-965-SLP, 2020 WL 7865721 (W.D. Okla. Nov. 16, 2020), *report and recommendation adopted*, No. CIV-20-965-SLP, 2020 WL 7865284 (W.D. Okla. Dec. 31, 2020) (dismissal on the same basis); *Morgan v. Pettigrew*, No. CIV-20-932-F, 2020 WL 7416933 (W.D. Okla. Nov. 23, 2020), *report and recommendation*

*adopted*, No. CIV-20-932-R, 2020 WL 7410103 (W.D. Okla. Dec. 17, 2020) (dismissal of successive petition).[2]

While Mr. Barnett contends that issues of subject-matter jurisdiction are not waivable and can be raised for the first time in a collateral proceeding, the issue here is not whether subject-matter jurisdiction was waived or can be waived. The issue is whether the petition is successive and therefore requires authorization from the appropriate court of appeals under 28 U.S.C. § 2244(b)(3)(A). *See Dopp*, 750 F. App'x at 757 (explaining that "the jurisdictional nature of Dopp's claim does not exempt his § 2254 application from dismissal for lack of jurisdiction as a successive and unauthorized application"). Nothing in Mr. Barnett's objection challenges the facts showing that this petition is successive and that he must first obtain permission from the Tenth Circuit before he may proceed. The same is true for Mr. Barnett's objection that *McGirt* is a "controlling recent opinion." [Doc. No. 9 at 3]. "Nothing prevented [Mr. Barnett] from asserting in his first § 2254 application a claim that the Oklahoma state court lacked jurisdiction because the crime he committed occurred in Indian Country. The fact that he . . . did not identify that argument does not establish that he could not have done so." *Dopp*, 750 F. App'x at 757.

---

[2] Petitioner Morgan (David Brian Morgan) is the same petitioner referenced in Note 1, *supra*. Indeed, the petition in this case substantively mirrors the petition in *Morgan v. Pettigrew*, No. CIV-20-932, including allegations of ineffective assistance of counsel and lack of jurisdiction in light of *McGirt*. [*Compare* Doc. No. 1 in CIV-20-757, *with* Doc. No. 1 in CIV-20-932]. Mr. Morgan's petition was dismissed on the same basis that this Court now dismisses Mr. Barnett's petition.

Accordingly, this Court lacks jurisdiction because Mr. Barnett did not first seek authorization to file the successive petition from the Tenth Circuit. *See In re Cline*, 531 F.3d at 1251.[3]

### III. <u>Transfer is not in the interest of justice</u>

In circumstances where jurisdiction is lacking, the Court has discretion to transfer the case to the appropriate court of appeals, if transfer of the case would be in the interest of justice, or to dismiss the petition. 28 U.S.C. § 1631; *see also In re Cline*, 531 F.3d at 1252. In deciding whether a transfer is in the interest of justice, the Court considers the following factors:

- whether the claims would be time barred if filed anew in the proper forum;

- whether the claims alleged are likely to have merit; and

- whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

---

[3] Mr. Barnett's objection states that he is moving the Court "for a Rule 60(b) against the State of Oklahoma for fraud" because "Oklahoma has known for over 30 years that [it] did not have proper jurisdiction in Indian Country." [Doc. No. 9 at 3–4]. Mr. Barnett appears to be trying an approach similar to the petitioner in *In re Cline*, 531 F.3d 1249 (10th Cir. 2008), where the Tenth Circuit reiterated that it is the relief sought, not the pleading's title, that determines how a Rule 60(b) motion in a habeas proceeding is characterized. *Id.* at 1253 (discussing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) and *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)). Mr. Barnett's claims challenge the constitutionality of his conviction and seek a dismissal of all charges and immediate release, immunity from future prosecution, and expungement of his record. [Doc. No. 9 at 4]. Thus, this Rule 60(b) request is "effectively indistinguishable" from his habeas claims and still requires the authorization mandated by statute. *In re Cline*, 531 F.3d at 1253 (citations omitted). Regardless, because the Court concludes it lacks jurisdiction, any request under Rule 60(b) made in the objection is denied as moot.

*Id.* at 1251. Under 28 U.S.C. § 2244(b)(3)(C), "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."

After de novo review, the Court agrees with the Report and Recommendation that transfer to the Tenth Circuit would not be in the interest of justice. [*See* Doc. No. 8 at 9–12]. Regarding Mr. Barnett's objections, as set forth above, Mr. Barnett has not alleged a new rule of constitutional law that has retroactive application to him that was previously unavailable. Nor has he shown any new factual predicate for his claims that could not have been discovered previously through the exercise of due diligence and facts underlying the claims that would establish by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). He has not alleged in his petition any of the requirements of the Major Crimes Act for offenses committed within Indian Country. *See* 18 U.S.C. § 1153(a).

Mr. Barnett has also not established that *McGirt* applies outside of the narrow holding of that case—he has not shown that the holding applies to convictions in Oklahoma County. By its terms, *McGirt* only applies to defendants who commit certain crimes within the Muscogee (Creek) Nation Reservation. *See* 140 S. Ct. at 2479 ("Each tribe's treaties must be considered on their own terms, and the only question before us concerns the Creek."). As the Report and Recommendation notes, Oklahoma County lies

outside of the boundaries of the Creek Nation, and therefore *McGirt* does not apply. [Doc. No. 8 at 11 & n.11].

The Court also agrees with the Report and Recommendation that the remaining claims—double jeopardy and ineffective assistance of counsel—are devoid of any factual allegations supporting these claims. As set forth above, a claim for ineffective assistance of counsel has already been dismissed in a prior habeas proceeding. [*See, e.g.*, Doc. Nos. 6 and 7 in No. CIV-99-1602].

Finally, this case is one of a large number of similar lawsuits filed by a group of inmates at Joseph Harp Correctional Center in Lexington, Oklahoma who at times call themselves the "Oklahoma Nine" and which includes Mr. Barnett. *See supra* Note 1 (each case referring to several inmates collectively as the Oklahoma Nine[4] and collectively seeking to be released, transferred, or retried in federal court based on lack of jurisdiction by the state court). *See also Morgan v. United States*, No. CIV-19-022-D, 2019 WL 609657, at *1 (W.D. Okla. Feb. 13, 2019) (plaintiffs "refer to themselves collectively as the 'Oklahoma Nine'"). These individuals appear to recycle the same core claims and petitions—most recently, alleging lack of jurisdiction by the state court in Indian Country—and refile substantively identical suits around the country, without regard to the repeated dismissals or the impact of specific claims as they apply to each individual party. *See supra* Note 1 (cases including Mr. Barnett as a plaintiff). While not

---

[4] Plaintiffs refer to themselves as the Oklahoma "Eight" in No. CIV-18-805. [*See, e.g.*, Doc. No. 1 at 5 in that case].

dispositive, the repeated complaints challenging jurisdiction call into question whether the claims in this petition were filed in good faith.

Based on its de novo analysis of the applicable factors and the analysis in the Report and Recommendation, the Court finds that transfer of this case to the Tenth Circuit would not be in the interest of justice. *See Jackson v. Mullin*, 445 F. App'x 124, 126 (10th Cir. 2011) (unpublished) (dismissal is appropriate instead of transfer where § 2244(b)(2) requirements were not met); *Cummings v. United States*, No. 14-CV-227-J, 2015 WL 13762146, at *2 (D. Wyo. July 17, 2015) (transfer of case in similar circumstances considered "an exercise in futility and it would be a waste of judicial resources"); *see also Morgan v. Oklahoma*, No. CIV-19-482-R, 2019 WL 3210600, at *2 (W.D. Okla. May 29, 2019), *report and recommendation adopted*, No. CIV-19-482-R, 2019 WL 3208650 (W.D. Okla. July 16, 2019) ("Petitioner's [David Brian Morgan] history [of repeated filings] dictates dismissal rather than transfer.").

## IV. <u>Certificate of appealability</u>

A habeas applicant cannot take an appeal "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b); *see also* Rules Governing Section 2254 Cases Rule 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where, as here, the district court has denied the motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the movant demonstrates 'that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (bracket omitted). It is not appropriate for the Court to "undertake a full consideration of the factual or legal bases adduced in support of the claims," only "an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id*. (citation omitted). If a petition is determined to be unlikely to meet the authorization requirements in § 2244(b)(2) for filing a successive petition, a certificate of appealability should not issue. *See Jackson*, 445 F. App'x at 125–26.

The Court has determined that Mr. Barnett's claims do not satisfy the requirements of § 2244(b)(2). The Court finds that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or sets forth the proper factual predicate for a successive petition, and the Court finds that jurists of reason would not find it debatable whether the conclusions in the Order are correct. *See Springfield*, 337 F.3d at 1177. The Court therefore denies a certificate of appealability as to all issues.

## V. Conclusion

The Court **ADOPTS** the Report and Recommendation [Doc. No. 8] in its entirety for the reasons stated therein and in this Order. The Court **DECLINES** to transfer this case to the Tenth Circuit Court of Appeals and **DISMISSES** Mr. Barnett's claims without prejudice. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 1st day of February 2021.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE